UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANCHEZ STEPHENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 1:14-CV-309 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Sanchez Stephens, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) A hearing officer at Miami Correctional Facility found Stephens guilty of Class B offense 212, assault and battery. (DE 1 at 5.) The hearing officer imposed sanctions including a loss of 90 days of earned credit time, and a demotion from credit class 1 to credit class 2. (DE 1 at 1.)

The charges were initiated on June 26, 2014, when Lieutenant Stoll prepared a Report of Conduct, which stated:

> On 06/26/2014 Lt. Stoll and Caseworker Mrs. Turner completed our Investigation/Identification of an assault that took place on 06/19/2014 in NHU 437/438. It has been determined that Ofd. Stephens, Sanchez 121107 was involved in this assault. This offender was identified and seen via DVR entering cell N437/438 [at] 1331 and leaving the cell at approximately 1333. Offender Booth, Tony 243267 that is assigned to cell N437/438 was observed at the door way shortly after wiping/patting the right side of his face. This being the same location of a laceration that required several stitches.

(DE 1 at 5.)

On June 30, 2014, Stephens was notified of the charge and his rights when he was served with the conduct report and the notice of disciplinary hearing. (DE 6-2.) Stephens pleaded not guilty, requested the assistance of a lay advocate, requested to call Offenders Tony Booth and Gary Davis as witnesses, and requested video of the incident as physical evidence. (*Id.*)

A hearing officer conducted the disciplinary hearing on July 18, 2014. (DE 6-3.) Stephens provided the following statement, "I was around when that stuff happened but I didn't battery anyone. The camera doesn't show me touching anyone." (*Id.*) Offender R. Hudson served as Stephen's lay advocate. Offenders Booth and Davis both provided a witness statement of, "No comment." (DE 6-3 at 3, 4.) Stephens was not permitted to view the video due to safety and security concerns. Instead, he was provided the following summary of the video:

> On 6/19/2014 at 1331 several offenders are seen going into cell 437/438. There are shadow movements on the wall but due to the positioning of the camera, you can't see directly into the cell. One of the offenders exiting was identified as ofd Stephens. Ofd Booth was observed at approximately 1333 standing in the door way wiping and patting the right side of his face.

(DE 6-3 at 5.)

The hearing officer, relying on staff reports, Stephens's statement, evidence from witnesses, and video of the incident, found Stephens guilty of assault. (DE 6-3 at 1.) Stephens's appeals were denied and this petition followed. (DE 6-5.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are

entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Stephens raises four grounds for relief in his petition: (1) there was no physical evidence that he committed the battery; (2) the video evidence was inconclusive; (3) the conduct report is based on speculation; and (4) he was charged with the wrong conduct code. It is apparent that the first three grounds all challenge the sufficiency of the evidence.

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the

prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

While the evidence in this case may not be conclusive, it does not have to be. Upon review, there is sufficient evidence to support the hearing officer's determination that Stephens was guilty of assault. In fact, this case bears an indistinguishable resemblance to the facts of *Hill*. There, a prison guard heard some commotion in a nearby walkway. *Hill*, 472 U.S. at 447-48. Upon entering the walkway, the guard saw three inmates running in the opposite direction and one inmate with a bleeding and swollen face. *Id*. No other inmates were in the area. *Id*. Despite this, the beaten inmate still denied the three other inmates had beaten him up, and all three stated they were innocent at their hearing with the disciplinary board. *Id*. Even so, the Supreme Court found that although "the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of the three inmates as the assailant," there was sufficient evidence for the men to lose their earned-credit time because "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id*. 457. In other words, so long as some evidence supports one of the possible outcomes, the disciplinary board's decision should be upheld.

Here, the conduct report establishes that Stephens and two other offenders

entered Offender Booth's cell, left after two minutes, and moments later Offender Booth exited the cell wiping at a laceration on his face. (DE 6-1 at 1.) Stephens admits being in the cell when Offender Booth was assaulted. (DE 6-3 at 1.) Though Stephens denies being the person who battered Offender Booth, he did not identify any other perpetrator during the disciplinary hearing who was responsible for the offense or provide any other exculpatory evidence. Booth's response to all of this was simply "no comment" – in other words, he neither confirmed Stephens beat him, nor denied that he did. (DE 6-3 at 3.) Just as in *Hill*, the evidence shows that Stephens exited Booth's cell just before Booth emerged with what appeared to be a fresh laceration on his face. There's no question that under *Hill*, that is sufficient evidence to support the disciplinary board's decision.

Further, the hearing officer was not required to credit Stephens's denials, nor was he "required to show culpability beyond a reasonable doubt." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). To the extent Stephens is asking this Court to make its own determination of guilt or innocence, that is not the Court's role. *See Hill,* 472 U.S. at 455. Instead, the question is whether there is some evidence to support the hearing officer's determination, and because the record contains such evidence, habeas relief is not warranted.

Next, Stephens complains that he should have been charged with Class C offense 372 for fighting instead of a Class B offense 212 for assault/battery. Stephens states that this was not simply one man intending to hurt the other but, instead, this was a scenario

where both men were attempting to injure the other. (DE 1 at 2.) Apparently, Stephens thinks that an assault/battery has to be a one-way activity and that it cannot be done by two people to each other. This is incorrect. Two people can assault/batter each other at the same time.

Moreover, Stephens's alleged confusion about whether fighting can constitute assault does not amount to a due process violation. Due process requires a regulation to be sufficiently definite to give people of ordinary intelligence notice of the conduct it prohibits. *United States v. Turcotte*, 405 F.3d 515, 531 (7th Cir. 2005). The regulation Stephens was found guilty of states that it is an offense to "commit[] a battery/assault upon another person without a weapon or inflicting bodily injury." (DE 6-6 at 2.) This regulation is reasonably clear and an inmate of ordinary intelligence would know that engaging in a fight -any fight- with another inmate is sanctionable under B212. The Conduct Report, the video and Stephens's own statement all work to allow the hearing officer to reasonably infer that Stephens assaulted the other inmate. That's more than sufficient evidence to have found him guilty of assault/battery under B212.

For the reasons set forth above, the petition (DE 1) is **DENIED**.

**SO ORDERED**.

ENTERED: December 11, 2015         s/Philip P. Simon
                                   Chief Judge
                                   United States District Court